UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARIE GAUTHIER and MARIE RAPHAEL,
                              Plaintiffs,

            -against-

THE CITY OF NEW YORK, P.O. MAKINSTO
COURTOIS [TAX REG. # 940027], and JOHN
DOE AND JANE DOE #1-5 (the names John
and Jane Doe being fictitious, as the true names
are presently unknown),
                              Defendants.
-------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ FEB - 3 2012 ★
BROOKLYN OFFICE

Case No.

CV 1    COMPLAINT
        JURY DEMAND    538

**WEINSTEIN, J.**

**J. ORENSTEIN, M.J.**

**NO SUMMONS ISSUED**

Plaintiffs, MARIE GAUTHIER and MARIE RAPHAEL, by their attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Makinsto Courtois [Tax Reg. # 940027], and John Doe and Jane Doe #1-5 (collectively, "defendants"), respectfully allege as follows:

### NATURE OF THE ACTION

1.      This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

### JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## THE PARTIES

4.    Plaintiffs are and were at all times material herein residents of the United States and the State of New York.

5.    At all relevant times, defendants P.O. Makinsto Courtois [Tax Reg. # 940027], and John Doe and Jane Doe #1-10 (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

6.    At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

7.    At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

8.    Plaintiff is suing the defendant officers in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.    On or about August 6, 2010, at approximately 1:00 p.m., defendant officers, acting in concert, arrested plaintiffs without cause at their home which is located at 975 E 56th Street, Brooklyn, New York, and charged plaintiffs with PL 120.00 'Assault in the third degree', among other charges.

10.   Plaintiffs, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

11.   Prior to the arrest, plaintiffs had terminated the services of their mother/grand mother's home health aide, and had requested the home health aide to leave their home.

2

12.   When the home health aide stepped outside, plaintiffs locked the entrance to their home.

13.   Once outside, the home health aide began to verbally abuse the plaintiffs and was repeatedly banging on their door.

14.   As the banging continued, plaintiffs opened the door to find out what was going on.

15.   The moment plaintiffs opened their door, the home health aide punched plaintiff Marie Gauthier on her face causing her to sustain a deep cut to her eyelid.

16.   That the plaintiffs immediately contacted defendant officers concerning the incident.

17.   The moment defendant officers arrived at plaintiffs' home, they immediately arrested plaintiffs.

18.   That even though Ms. Gauthier was bleeding profusely at the time, defendant officers refused to provide her with any medical treatment.

19.   After arresting the innocent plaintiffs, defendant officers tightly handcuffed plaintiffs with their hands placed behind their backs.

20.   Eventually, defendant officers transported plaintiffs to the NYPD-63rd Precinct for arrest processing.

21.   After detaining plaintiffs at the precinct for several hours, defendant officers issued a desk appearance ticket to plaintiffs requiring plaintiffs to appear at the criminal court to defend the false charges levied against them.

22.   Eventually, after several court appearances, the false charges levied against plaintiffs were summarily dismissed.

23.   As a result of the aforesaid actions by defendant officers, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of wages, loss of liberty, pain and damage, and damage to reputation.

## FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

24.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 23 of this complaint as though fully set forth herein.

25.     The conduct of defendant officers, as described herein, amounted to false arrest, abuse of process, fabrication of evidence, violation of right to a fair trial, denial of due process rights and malicious prosecution.

26.     Such conduct violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

27.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## SECOND CAUSE OF ACTION: FAILURE TO TRAIN AND MUNICIPAL POLICY

28.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 27 of this complaint as though fully set forth herein.

29.     Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exits for such arrest.

30.     Additionally, defendant City of New York, acting through Charles J. Hynes and the Office of the District Attorney of the County of Kings, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses

and informants, commencement of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

31. Defendant City of New York, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiffs, who are black, on the pretext that they were involved in some crime or offfense.

32. The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts, and from a January 2006 statement by Deputy Commissioner Paul J. Browne that police commanders are permitted to set "productivity goals" (i.e., arrest quotas). *See Colon v. City of New York*, 2009 U.S. Dist. LEXIS 110520 (E.D.N.Y. Nov. 25, 2009) (Weinstein, J.). *See also* the following cases filed in this district: *Geneeza Walls v. City of New York*, 10 CV 5769; *Javier Jones v. City of New York* (10 CV 3719); *Euday Bowman v. City of New York* (10 CV 3419); *Edward Ogunmoyin v. City of New York* (10 CV 1060); *John McLean v. City of New York* (10 CV 631).

33. That the issue of arrest quotas has been recently decided and/or it has been conclusively determined that officers of the New York Police Department are permitted, as a policy and/or practice, to use quotas to make arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

34. That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

35.     The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, the excessive use of force and the right to due process.

36.     By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

THIRD CAUSE OF ACTION: 42 U.S.C. § 1985

37.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 36 of this complaint as though fully set forth herein.

38.     In an effort to find fault to use against the plaintiffs, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth and Fourteenth Amendments to United States Constitution, because of their race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

39.     In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive plaintiffs of their constitutional and federal rights in violation of 42 U.S.C. § 1985.

40.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

FOURTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12

41.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 40 of this complaint as though fully set forth herein.

42.     By reason of the foregoing, and by arresting, detaining and imprisoning plaintiffs without probable cause or reasonable suspicion, and harassing and

assaulting plaintiffs and depriving plaintiffs of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

43.    In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

44.    Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

45.    Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

## FIFTH CAUSE OF ACTION: NEGLIGENT & INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46.    By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 45 of this complaint as though fully set forth herein.

47.    The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

48.    Plaintiffs' emotional distress has damaged has damaged their personal and professional lives because of the severe mental pain and anguish which were

inflicted through deliberate and malicious actions including the detention, imprisonment and malicious prosecution by defendants.

49.       Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## SIXTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES

50.       By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 49 of this complaint as though fully set forth herein.

51.       Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

52.       Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiffs or to those in a like situation would probably result from such conduct described herein.

53.       Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

54.       Upon information and belief, defendant City of New York's negligence in hiring and retaining the defendants proximately caused plaintiffs' injuries.

55.       Upon information and belief, because of defendant City of New York's negligent hiring and retention of defendant officers, plaintiffs incurred and sustained significant and lasting injuries.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

      a.       For compensatory damages against all defendants in an amount to be proven at trial;

b.    For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.    For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;

d.    For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

Dated: Brooklyn, New York
February 3, 2012

UGO UZOH, P.C.

By:    Ugochukwu Uzoh (UU 9076)
Attorney for the Plaintiffs
304 Livingston Street, Suite 2R
Brooklyn, NY 11217
(718) 874-6045