FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 0 5 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARIE GAUTHIER, et al.,
                  Plaintiffs,
- against -
CITY OF NEW YORK, et al.,
                  Defendants.
----------------------------------------------------------X

REPORT AND
RECOMMENDATION

12-CV-0538 (JBW) (JO)

James Orenstein, Magistrate Judge:

For the reasons set forth below, I respectfully recommend that the court *sua sponte* dismiss all claims asserted by plaintiff Marie Gauthier for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

I.     Background

Plaintiffs Marie Gauthier ("Gauthier") and Marie Raphael ("Raphael") filed this action on February 3, 2012, against the City of New York ("City") and several police officers, seeking relief for alleged violations of their constitutional rights arising out of their arrests on August 6, 2010. Docket Entry ("DE") 1 (Complaint). The plaintiffs were represented initially in this matter by attorney Ugochukwu Uzoh ("Uzoh"). On July 27, 2012, the defendants, with the permission of the court, filed a motion for summary judgment. DE 15. On August 7, 2012, Uzoh submitted a letter seeking to withdraw as plaintiffs' counsel, stating the plaintiffs had "cut off all communication" with him, "thus leaving [him] unequipped to represent [the plaintiffs'] interests." DE 19. On August 23, 2012, the court conducting a hearing on the motion and granted Uzoh's request to withdraw. DE 22.

On November 5, 2012, I issued an order requiring the plaintiffs to appear in person at a status conference on November 15, 2012, and warning each plaintiff that failure to appear as required would result in an order to show cause why I should not recommend that each plaintiff's

[handwritten annotation: No objection having been filed and 3/4/13, the recommendation is accepted. The case is dismissed. See R. Civ. Pro. 41(b).
3/5/13 So ordered /s/ JBW]

claims be dismissed for failure to prosecute. DE 23. I directed Uzoh to provide to the plaintiffs a copy of the order along with a copy of the minutes of the August 23, 2012, hearing on Uzoh's motion to withdraw. *Id.* On November 15, 2012, Uzoh filed a certification on the docket confirming that he had done so. DE 27.

The plaintiffs failed to appear as required at the status conference on November 15, 2012. DE 28. I thereafter issued the following minute entry:

> The next status conference will be held on December 6, 2012, at 2:00 p.m.... If the plaintiffs do not appear as required at the next conference, either in person or through new counsel of record, I will issue a report and recommendation urging the court to dismiss the case on its own motion for failure to prosecute. I respectfully direct the defendants' counsel to provide a copy of this minute order to each plaintiff, and to use her best efforts to contact each plaintiff directly, by mail and by telephone or email, to ensure that each is aware of the next scheduled conference and of the risk of dismissal for failure to prosecute.

*Id.*

On December 6, 2012, Gauthier again failed to appear as required. DE 29. Raphael appeared by telephone and informed the court that she wished to withdraw her claims. *Id.* Raphael reported that Gauthier had moved to Florida, but stated that she did not have new contact information for Gauthier. *Id.*

On December 13, 2012, Raphael and counsel for the defendants executed a stipulation of dismissal with respect to Raphael's claims. DE 30. The stipulation was filed on the docket the same day. *Id.*

II. <u>Discussion</u>

A district court has the inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Consistent with that inherent

authority, the Federal Rules of Civil Procedure explicitly empower a district court, in the exercise of its sound discretion, to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with ... a court order[.]" Rule 41(b); *see Lewis*, 564 F.3d at 575 (noting that the standard of review is abuse of discretion). Because dismissal on such grounds is unquestionably a "harsh remedy" that should be used only in "extreme situations," *Lewis*, 564 F.3d at 576 (citations omitted), a court considering such an action should examine five factors. Specifically, the court should consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id.* In weighing the five factors, the court must consider the record of the entire case as a whole. *Id.* A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory conduct" or "an action lying dormant with no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

All five factors weigh in favor of dismissal. First, Gauthier has exhibited a "pattern of dilatory conduct" and has allowed her claims to lie "dormant with no significant activity" for several months. Gauthier has repeatedly failed to appear for conferences since her attorney filed his motion to withdraw on August 7, 2012. Second, Gauthier's inaction has continued even in the face of repeated warnings that such behavior could result in the dismissal of their claims. Third, applicable case law establishes a presumption that a plaintiff's unreasonable delay will normally prejudice the defendants. *See, e.g., Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999)

(citing *Lyell Theatre Corp.*, 682 F.2d at 43). Fourth, as a result of the Gauthier's repeated failure to appear at scheduled conferences, to communicate with the defendants, or to respond to court orders in any way, her case is at a standstill; moreover, Gauthier's right to an opportunity for a day in court has been thoroughly vindicated – notwithstanding the fact that she has failed to take advantage of that opportunity. Finally, no lesser sanction than dismissal is likely to be effective in light of Gauthier's failure to respond to any of my orders directing her to take action on pain of possible dismissal.

III.  Recommendation

For the reasons set forth above, I respectfully recommend that the court *sua sponte* dismiss all claims asserted by Gauthier pursuant to Federal Rule of Civil Procedure 41(b).

IV.  Objections

I direct the defendants to serve a copy of this Report and Recommendation on Gauthier by certified mail, and to file proof of service no later than December 21, 2012. Any objections to this Report and Recommendation must be filed no later than January 4, 2013. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: Brooklyn, New York
December 17, 2012

                                                            /s/
                                        JAMES ORENSTEIN
                                        U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| H & R CONVENTION AND CATERING CORP., *et al.*,<br><br>            Plaintiffs,<br>v.<br><br>SOMERSTEIN, *et al.*,<br><br>            Defendants. | Case No. 12-cv-01425 (JBW)<br><br>Honorable Jack B. Weinstein<br><br>ORDER WITHDRAWING UNITED STATES GOVERNMENT ATTORNEY JUSTIN S. ALEX AS COUNSEL FOR PENSION BENEFIT GUARANTY CORPORATION |

ORDERED, that the motion for withdrawal of counsel in the above captioned matter is granted. Justin S. Alex is permitted to withdraw as counsel in this particular case in whole as counsel or advocate for Defendants Pension Benefit Guaranty Corporation and the Somerstein Caterers of Lawrence, Inc. Pension Plan. The Pension Benefit Guaranty Corporation is a U.S. Government corporation and is therefore exempt from filing fees. This Order confirms your withdrawal as counsel in this case. A notation of your withdrawal as counsel in the above listed case will be made on the roll of attorneys.

Dated: 3/5/13

_____
UNITED STATES DISTRICT JUDGE

cc: Court File





DATE 2/28/13

BEFORE JUDGE Weinstein          AT _____ A.M/P.M.

C/R ~~or ECR~~ Mary Agnes Drury          MAG. _____

CIVIL CAUSE FOR MOTION HEARING

Docket Number CV11-1354

Title: Joseph Barbagallo vs. Marcum LLP

(Pltff) (Deft.) _____ motion ~~for~~ to alter judgment and amend findings of fact and conclusions of law

Appearances: For Pltff. Alan Fellheimer

For Deft. John Pope

✓ Case called.

✓ Counsel for all sides present.

___ Counsel for _____ not present.

✓ Motion argued. ___ Motion Granted ___ Motion Denied.

✓ Decision reserved.

___ Order to be submitted by _____.

___ Case adjourned to _____ for _____

___ Other _____

DATE 2/28/13

BEFORE JUDGE Weinstein  AT 11:00 A.M/~~P.M.~~

C/R ~~or ECR~~ Mary Agnes Drury  MAG. _____

CIVIL CAUSE FOR STATUS CONFERENCE

Docket Number CV11-70
Title Manuel Barros vs Cotterman Co. et al
Appearances: For Pltff. Sherman Kerner

For Deft. Michael Cannon
John Coleman

Other: _____

✓ Case called.
✓ Counsel for all parties present.
___ Counsel for _____ not present.
✓ Conference held.
___ Parties advised the Court that the case has been settled.
___ Discovery completed. _____ Discovery pending
___ Discovery to be completed by _____.
___ Next conference scheduled for _____.
✓ Case marked ready for trial on 4/22/13
___ Pre-trial order signed and given to parties.
✓ Jury to be selected on 4/22/13
✓ In limine motions will be heard 4/15/13 at 10 am

30 mins

DATE 2/22/13

BEFORE JUDGE Weinstein          AT 10:30 A.M.~~/P.M.~~

C/R ~~or ECR~~ Marsha Diamond          MAG. _____

CIVIL CAUSE FOR MOTION HEARING

Docket Number CV04-2405.

Title: Kelly McCormick vs. Cleaver Brooks Co. Inc

(Pltff.) (Deft.) _____ motion for new trial and

JNOV

Appearances: For Pltff. Kyle Shamberg

For Deft. Susan Halbardier

✓ Case called.

✓ Counsel for all sides present.

____ Counsel for _____ not present.

✓ Motion argued.     ____ Motion Granted     ✓ Motion Denied.

____ Decision reserved.

____ Order to be submitted by _____

____ Case adjourned to _____ for _____

____ Other _____

✓ Motion is denied for the reasons stated orally on the record.

CRIMINAL CAUSE FOR SENTENCING

45 mins

BEFORE: WEINSTEIN, J.    DATE: 2/22/13    TIME: 11 am

DOCKET NUMBER: CR 12-44    DEFT. NUMBER: _____

DEFENDANT: John Horan
☑ Present ___ Not Present ___ In Custody ___ On Bail

ATTORNEY FOR DEFT.: Louis Audino
___ C.J.A. ___ Retained ___ Legal Aid/PD

ASST. U.S. ATTORNEY: Loan Nguyen

COURTROOM DEPUTY: JUNE P. LOWE    INTERPRETER: _____
Ext. 2525

COURT REPORTER/ESR OPERATOR: Marsha Diamond

TAPE NUMBER: _____

SENTENCE: Evidentiary hearing held. Deft. is sentenced to 6 months imprisonment, 3 yrs. supervised release, $500,000 restitution.

DEFT. SENTENCED ON COUNTS: 1 & 2 of the information

OPEN COUNTS DISMISSED: ___ On Govt.'s Motion, ___ On Ct.'s Mot.

FINE: _____    SPECIAL ASSESSMENT: $200

SPECIAL CONDITIONS OF SUPERVISION: _____

IS SENTENCE STAYED? ___ Yes    STAYED UNTIL: _____
___ No

[Defts. sentenced to probation/supervised release are to report immediately to the PROBATION DEPT., Room 405, 75 Clinton St., Bklyn., & present 1 copy of this form. The other copy should be sent by the Courtroom Deputy the same day. For remanded defts., the Courtroom Deputy should send both copies to the Prob. Office on the same day as the sentence.]